UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL JONES,

    Plaintiff,

v.

IPX INTERNATIONAL EQUATORIAL
GUINEA, S.A.,

    Defendant.
                                        /

Case No. 17-12483

Honorable John Corbett O'Meara

## OPINION AND ORDER GRANTING
## DEFENDANT'S NOVEMBER 15, 2017 MOTION TO DISMISS

This matter came before the court on defendant IPX EG's November 15, 2017 motion to dismiss. Plaintiff Paul Jones filed a response December 13, 2017; and Defendant filed a reply January 3, 2018. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

## BACKGROUND FACTS

Defendant IPX International Equatorial Guinea ("IPX EG") is a company that provides telecommunications services to companies in Equatorial Guinea and elsewhere in Africa. At the time it was formed, IPX EG hired plaintiff Paul Jones as its general director, who was responsible for the operations of the company and for the development and maintenance of client and vendor relationships.

From 2011 until 2017 the parties entered into new, written employment agreements. Negotiations regarding the terms of the agreements occurred in Equatorial Guinea, where Plaintiff had been living for several years. In 2015 IPX EG, which had serviced companies only doing business in Equatorial Guinea, determined that it could benefit from a related entity in the United States. The American company would conduct research and develop potential telecommunications solutions which would then be sold at a mark-up to IPX EG for implementation in Equatorial Guinea.

Since Plaintiff had connections with Michigan, he urged IPX EG to open the subsidiary there. In October 2015 IPX USA, L.L.C., was formed in Michigan, with IPX EG as its sole member. Plaintiff then spent approximately six months in Michigan procuring office space and hiring a manager and employees for IPX USA. After that, Plaintiff was to return to Equatorial Guinea to again focus on the operations of IPX EG.

Defendant contends that shortly after Plaintiff arrived in Michigan, it learned that Plaintiff was failing to properly manage key vendor and client relationships. Defendant argues that vendors began to complain that Plaintiff failed to ensure timely payment for goods and services. Defendant also contends that in October 2016 it learned that Plaintiff had begun to improperly pay himself amounts above the contractually agreed monthly amounts since February 2013 and that in April 2017

2

Plaintiff improperly terminated certain vendor contracts. Because of these concerns, Defendant suspended plaintiff Jones in April 2017 in order to conduct an investigation to determine whether to continue Plaintiff's employment. Defendant alleges that Jones has been uncooperative in the investigation and that it ultimately intends to pursue legal claims against him in Equatorial Guinea.

Plaintiff Jones filed suit in this court alleging that the suspension, along with Defendant's failure to pay him, constitutes breach of the employment contract between the parties. Defendant IPX EG filed this motion to dismiss, asserting that the court lacks personal jurisdiction over it. In addition, it contends that even if the court finds it can exercise personal jurisdiction over IPX EG, the court should dismiss the matter on the basis of *forum non conveniens*.

## **LAW AND ANALYSIS**

A court need not analyze its own jurisdiction, as it may "dispose of an action by *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness and judicial economy so warrant." Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 432 (2007). Pursuant to the doctrine of *forum non conveniens*, a court may "decline to exercise its jurisdiction" because the interests of "the convenience of the parties and the court," as well as "the interest of justice," counsel that the action

should be tried elsewhere. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 250 (1981). The United States Supreme Court has made it clear that "the central focus of the *forum non conveniens* inquiry is convenience." Id. at 249. The analysis consists of the following three steps: 1) whether an adequate, alternative forum exists; 2) whether the private interest factors weigh in favor of dismissal; and 3) whether public interest factors also weigh in favor of dismissal. Barak v. Zeff, 289 Fed. Appx. 907, 910 (6th Cir. 2008).

First, the requirement of whether an adequate, alternative forum exists is generally met if the defendant is "amenable to process" in the alternative forum. Piper, supra, at 255, n.2. In this case defendant IPX EG is a corporation organized under the laws of Equatorial Guinea and is subject to the courts there and is, thus, amenable to suit there. The courts of Equatorial Guinea recognize a cause of action for breach of contract, and plaintiff Jones may pursue his claims there.

Second, the court must review the private interest factors, including "relative ease of access to sources of proof; availability of compulsory process for attendance of the unwilling and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Barak, supra, at 910 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). These factors

favor the matter being adjudicated in Equatorial Guinea. With the exception of plaintiff Jones, most of the witnesses are located there. Because they are foreign witnesses who reside in Equatorial Guinea, this court lacks authority to compel their attendance and testimony in the Eastern District of Michigan. However, these witnesses are subject to the jurisdiction of the courts of Equatorial Guinea and can be compelled to testify there. In addition, many of the key documents regarding the parties' dispute are located in Equatorial Guinea, including various emails, correspondence, payroll records, bank statements, and records of wire transfers in the possession of three banks located there. Production of these documents would need to be compelled via the procedures dictated by the laws of Equatorial Guinea.

Finally, public interest factors the court is to consider include "court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Piper, supra, at 241 n.6. In this case Plaintiff initiated involvement with defendant IPX EG when it was formed. His hiring, as well as the negotiation and execution of all of his annual employment contracts, occurred in Equatorial Guinea. The evaluation of his job performance, the alleged breach of

5

contract for failure to pay his salary, and the decision to suspend him were all made there as well. Furthermore, according to the employment contracts signed by plaintiff Jones, the laws of Equatorial Guinea will govern this litigation; and this court would be required to interpret and apply foreign law to this dispute. Courts routinely have dismissed actions on the basis of *forum non conveniens* when they were required to apply foreign law. Dowling v. Richardson-Merrell, Inc., 727 F.2d 608, 612 (6th Cir. 1984); Faber-Plast GmbH v. Kleinert, 997 F. Supp. 846 (E.D. Mich. 1998); and Gering v. Fraunhofer-Gesellschaft E.V., 2009 WL 2922847 (E.D. Mich. Sept. 9, 2009).

The court finds the factors to be considered in applying the doctrine of *forum non conveniens* strongly weigh in favor of dismissal. Plaintiff Jones protests that Equatorial Guinea is not an adequate alternative forum because of its corruption. Plaintiff states that his brother-in-law, who was hired as Defendant's general manager in 2016, was relieved of his passport by Defendant's corporate attorney. However, courts have rejected arguments that an alternative forum is too corrupt to be adequate. See Gonzales v. P.T. Pelangi Niagra Mitra Int'l, 196 F. Supp. 2d 482 (S.D. Texas 2002); Stalinski v. Bakoczy, 41 F. Supp. 2d 755 (S.D. Ohio 1998); and El-Fadl v. Central Bank of Jordan, 75 F.3d 688 (D.C. Cir. 1996).

**ORDER**

For the reasons stated above, it is hereby **ORDERED** that defendant IPX EG's November 15, 2017 motion to dismiss is **GRANTED.**

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date:  March 19, 2018

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 19, 2018, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager